# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FRANCO GIANNI,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Case No.
　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Judge
DET. DAVID BRANDT and the CITY　　)
of Chicago,　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

## COMPLAINT

**NOW COMES** the Plaintiff, Franco Gianni, by and through his attorneys, Erickson & Oppenheimer, complaining against the Defendant Detective Brandt and the City of Chicago, a municipal corporation, as follows:

### INTRODUCTION

1) This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2) The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### VENUE

3) Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

### THE PARTIES

4) The Plaintiff, Franco Gianni, is a resident of Chicago, Illinois.

1

5) The individual Defendant, Detective David Brandt was at all relevant times duly appointed police officers of the Defendant, City of Chicago, and at all relevant times were acting within their scope of employment and under color of law.

6) Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTS

7) On or about September 10, 2017, was in the area of 522 W. Statford Place, Chicago, Illinois.

8) The Plaintiff was not committing and had not committed any crimes.

9) Without cause, Defendant Brandt then ordered Plaintiff to step out of his vehicle.

10) Thereafter and without just cause or provocation, Defendant Brandt subjected Plaintiff to excessive force, including without limitation pushing Gianni in the chest, threw him against a car, choked him, threw him to the ground and sat on Gianni.

11) Plaintiff recorded the incident on his cell phone. The cell phone was confiscated by Defendant Brandt. Defendant Brandt did not inventory or otherwise preserve Plaintiff's cell phone. Defendant did not return the phone to Plaintiff.

12) Defendant Brandt had a duty to preserve the cell phone.

13) As a result of Defendant Brandt's conduct, the video footage of the incident is unavailable.

14) Prior to pushing the Plaintiff against the car, the Defendant announced his office.

15) The Defendant Detective Brandt arrested the Plaintiff and caused him to be charged with battery.

16) There was no probable cause for the Plaintiff's arrest on the incident date.

17) On or about June 6, 2018, battery charges against him were dismissed.

## COUNT I—FALSE ARREST/UNLAWFUL SEIZURE

18) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

19) As described above, Defendant Brandt detained and arrested Plaintiff without justification and without probable cause, thus violating Plaintiff's rights under the United States Constitution.

20) The seizure of the Plaintiff was without reasonable suspicion, lawful justification, and probable cause, thus violating Plaintiff's rights under the United States Constitution.

21) Said actions of Defendant Brandt were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

22) Said actions of Defendant Brandt were objectively unreasonable under the circumstances.

23) As a direct and proximate cause of Defendant Brandt's conduct, Plaintiff suffered damages, including without limitation violations of his constitutional rights, loss of liberty, emotional anxiety, fear, monetary expense, and pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Brandt for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II—EXCESSIVE FORCE

24) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

25) The actions of the Defendant Detective as set forth hereto constitute excessive force against Plaintiff, thus violating his rights under the United States Constitution and 42 U.S.C. Section 1983.

26) Said actions of the Defendant Detective was intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

27) Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

28) As a direct and proximate consequence of the Defendant Detective's conduct, the Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

   **WHEREFORE**, the Plaintiff prays for judgment against Defendants Brandt, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT III—MALICIOUS PROSECUTION (state law)

29) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

30) The Defendant Brandt willfully and wantonly initiated legal proceedings against Plaintiff, and/or caused these legal proceedings to continue against him, without probable cause.

31) With malice, willfulness, and/or reckless indifference to Plaintiff's rights, the Defendant Brandt created false and/or inaccurate police reports and/or made false statements to other police officers and prosecutors.

32) The legal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence on June 6, 2018.

33) As a direct and proximate result of Defendant Brandt's malicious prosecution, Plaintiff suffered injury, including without limitation emotional and financial damages, which will be proven at trial.

   **WHEREFORE**, the Plaintiff prays for judgment against Defendants Brandt for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT IV—SPOLIATION

34) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

35) The defendant owed the plaintiff a duty to preserve the video evidence.

36) The defendant breached that duty by losing or destroying the video evidence,

37) The loss or destruction of the video evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit,

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Brandt for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT V--INDEMNIFICATION

38) Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

39) At all relevant times, Defendant City of Chicago was the employer of the individual Defendant.

40) The individual Defendant committed the acts alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

41) In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

42) As a proximate cause of the individual Defendant's unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

**WHEREFORE**, should one or more of the individual Defendant be found liable on one or more of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

5

## COUNT VI—*RESPONDEAT SUPERIOR*

43) Each of the paragraphs above is incorporated by reference as though fully stated herein.

44) In committing the acts alleged in the preceding paragraphs, the individual Defendant was an agent of the City of Chicago and were acting at all relevant times within the scope of their employment and under color of law.

45) Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should one or more of the individual Defendants be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Jon F. Erickson

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-327-3370